UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUS WHO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. 666 GOV., et al.,<br><br>　　　　　Defendants. | Case No. 25-cv-04238-PCP<br><br>**ORDER DISMISSING COMPLAINT** |

Anonymous pro se plaintiff "Gus Who" filed this lawsuit seeking a national injunction against the government's implementation of new regulations that require the use of a "Real ID" to enter various government buildings. This Court previously granted his motion to proceed in forma pauperis, screened his complaint for failure to state a claim on which relief may be granted, and ordered him to file an amended complaint and a motion to proceed pseudonymously. He has since filed two amended complaints and one motion for summary judgment. For the reasons stated below, the Court concludes that plaintiff's amended complaints fail to state a claim on which relief may be granted and therefore dismisses the case.

## LEGAL STANDARDS

28 U.S.C. § 1915 permits a court to authorize a plaintiff to proceed in forma pauperis—i.e., without paying the otherwise mandatory filing fee—if the plaintiff shows that they cannot afford the fees necessary to pursue an action. See 28 U.S.C. § 1915(a)(1). The Court, however, must screen every civil action brought in forma pauperis under section 1915 and dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

**ANALYSIS**

**I.      Plaintiff is not entitled to proceed pseudonymously.**

As stated in this Court's prior order, "the identity of the parties in an action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (quoting *United States v. Doe*, 488 F.3d 1154, 1156 n.1 (9th Cir. 2007)). To proceed pseudonymously, a party must demonstrate that their anonymity is "necessary to protect [them] from injury or harassment" and that such need, in turn, outweighs "the general presumption that parties' identities are public information." *Id.* (citations omitted).

Plaintiff filed his initial complaint under the pseudonym, "Gus Who." This Court ordered him to either (1) refile his complaint using his legal name or (2) file with the amended complaint a motion to proceed pseudonymously that explains why he should be permitted to proceed under a pseudonym. He has done neither.

To be sure, plaintiff filed two amended complaints and signed them with what may be his legal name. But he continues to refer to himself throughout his filings as "Gus Who." He further stated in his first amended complaint that "[i]t is a God given right to file a civil action anonymously." Dkt. No. 10, at 1. He has cited no legal authority for this proposition, and the Court is unaware of any such precedent that establishes it. Thus, to the extent he intends for this statement to serve as his motion to proceed pseudonymously, that motion is denied.

**II.     Plaintiff's amended complaints fail to state a claim.**

Plaintiff filed two documents, both of which he labeled an "amended complaint." *See* Dkt. Nos. 10, 12. For the reasons stated below, neither document states a claim on which this Court may grant relief and the case must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is suing "U.S. 666 Gov.", which he regularly refers to as "the Antichrist." Although the plaintiff refers to the defendant by different names, the Court construes his complaint as directed to the United States Government. But the federal government is generally immune from citizen lawsuits unless it has waived that immunity by statute. *See Price v. United States*, 174 U.S. 373, 375–76 (1899) ("The government is not liable to suit unless it consents

thereto, and its liability in suit cannot be extended beyond the plain language of the statute authorizing it."). Plaintiff has not identified any statute under which the federal government has waived its sovereign immunity and his complaint therefore fails to name a defendant amenable to suit.

Even assuming the federal government were amenable to suit, this Court previously clarified that Article III of the Constitution restricts the power of the judicial branch to resolving "Cases" and "Controversies." Dkt. No. 8. "To have Article III standing to sue in federal court, plaintiffs must demonstrate, among other things, that they have suffered a concrete harm." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021). "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *Id.* at 423 (citation omitted).

Plaintiffs' amended complaint fails to demonstrate that any injury he has suffered is redressable by this Court. Plaintiff's amended complaint makes a series of allegations, including but not limited to, his alleged targeting by the FBI, an allegedly faked assassination attempt on the President, alleged government conspiracies to deny care to senior citizens and children, and his alleged denial of access to a local museum. But he has not stated with any level of particularity what relief he seeks, the defendant from whom he seeks that relief, or how that relief relates to a "harm 'traditionally' recognized as providing a basis for lawsuit in American courts." *Id.* at 424. The Court therefore lacks any ability or basis upon which to afford relief, which means that there is no Article III case or controversy presented to the Court by the amended complaints.

## CONCLUSION

For the reasons stated herein, plaintiff is not entitled to proceed under a pseudonym and his complaint fails to state a claim upon which this Court can grant relief. Because there is no reason to conclude that further amendments to the complaint would address the problems identified above, further leave to amend is denied and the case is dismissed. Because dismissal is in part for lack of subject matter jurisdiction, the dismissal is without prejudice. Plaintiff's motion for summary judgment is denied as moot.

**IT IS SO ORDERED.**

Dated: August 4, 2025

_____
P. Casey Pitts
United States District Judge